## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JUANEL ANTHONY MIKULAK, | Case No. 19-CV-0768 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SAMANTHA MAE SEYL RICHARDSON; HOLLY ANN PERKINS; and JEFF RICHARDSON, | |
| Defendants. | |

---

Plaintiff Juanel Anthony Mikulak was convicted of domestic violence—his third such conviction within 10 years—and is now incarcerated. *See State v. Mikulak*, No. 19HA-CR-18-2343 (Minn. Dist. Ct.); Minn. Stat. § 609.2242, subd. 4. Mikulak brings this action against the victim of his most recent offense and two other individuals, alleging that those individuals perjured themselves during the criminal proceedings. Mikulak also claims that various international treaties make him immune from criminal prosecution in the State of Minnesota.

Mikulak did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. Because Mikulak is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and,

1

when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —

      (A) the average monthly deposits to the prisoner's account; or

      (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Mikulak has not provided adequate financial information from which his initial partial filing fee could be calculated. That said, Mikulak's most recent submission tends to show that he has "no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4); ECF No. 11. Accordingly, the requirement of an initial partial filing fee will be waived in this matter. Mikulak remains responsible for the $350.00 statutory filing fee, which must be paid in installments over time.

      An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be

granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mikulak's complaint is meritless—so much so, in fact, that it is frivolous.  First, the claims raised in Mikulak's complaint necessarily imply the invalidity of his criminal conviction; indeed, among the relief sought by Mikulak in this proceeding is that the conviction be overturned.  *See* Compl. at 5 [ECF No. 1].  But as Mikulak was previously warned, these claims are barred  by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Until Mikulak's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *id*. at 487, Mikulak may not seek relief on a civil claim that necessarily implies the invalidity of that conviction.

3

Second, even if Mikulak's claims were not barred by *Heck*, they would be without merit. Mikulak invokes four sources of law in his complaint: a federal statute, the Universal Declaration of Human Rights; the Rights of Indigenous Peoples; and a "Peace and Friendship Treaty" between the United States and Morocco. The lone federal statute under which Mikulak seeks relief, 18 U.S.C. § 1621, is a criminal statute that does not confer a private right of action. *See, e.g.*, *Faraldo v. Kessler*, No. 08-CV-0261 (SJF) (ETB), 2009 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (collecting cases). Nothing in the Universal Declaration of Human Rights or the Rights of Indigenous Peoples on their face precludes prosecution for domestic violence by a court of competent jurisdiction. And "a litigant's reliance . . . on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous . . . ." *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011).

Accordingly, it is recommended that Mikulak's IFP application be denied and this action dismissed. Ordinarily, an action bared by *Heck* should be dismissed only without prejudice, so that the *Heck*-barred claim may be refiled should the litigant later satisfy *Heck*'s requirements. *See, e.g.*, *Scott v. Coleman*, 493 Fed. App'x 810, 811 (8th Cir. 2012) (per curiam). That said, because Mikulak's claims under federal and international law are frivolous, he has no hope of success on those claims even should the *Heck* bar be overcome. Accordingly, restatement of those claims in a later proceeding would be futile, and it is recommended that those claims be dismissed *with* prejudice. Finally, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over

4

state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, it is recommended that any state-law claims implied by the complaint (such as for defamation) be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMEDNED THAT:

1.  This matter be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a.  All claims brought pursuant to federal or international law be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

    b.  All claims brought pursuant to state law be dismissed without prejudice.

2.  The application to proceed *in forma pauperis* of plaintiff Juanel Anthony Mikulak [ECF No. 2] be DENIED.

3.  Mikulak be directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court directed to provide notice of this requirement to the authorities at the institution where Mikulak is confined.

Dated: May 29, 2019                        *s/Tony N. Leung*_____
                                           Tony N. Leung
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).